## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**GLORIA J CARTER**                                                        **PLAINTIFF**


**v.**                              **CIVIL ACTION NO.**  2:20-cv-33-KS-MTP

**THE MISSISSIPPI STATE BOARD OF MEDICAL LICENSURE         DEFENDANTS
TOTAL FOOT CARE,  DR. MICHAEL ZALESKI, individually
and in his professional capacity as a medical provider at the time claimed
here**

_____

### COMPLAINT
### (Jury Demanded)
_____


     **COMES NOW**, Plaintiff by and through their attorney, Abby Robinson esq.  and files this complaint against the captured Defendants for the following claims: Hippa Violations, medical billing fraud, privacy of record keeping and maintaining pursuant to law, allowing the staff of Total Foot Care to mix medicines for patients, use their personal cell phones to translate the medical records, including medicare/medicaid card numbers, social security numbers and birth date, physical pain and suffering including but not limited to lost of limb, emotional destress, breach of duty to inform, alert, warn, protect, cause, procure, and/or stop the harm that was attributed by Defendants.  Additionally, the MSMB, was negligent in its supervision and retention of Defendant Total Foot Care and Dr. Michael Zaleski's ability to practice medicine with the public including, Plaintiff Gloria J. Carter.

          Plaintiff's lawsuit is brought under The United States Constitution 1st Amendment

(the right of the people to petition the Government for a redress of grievances, the 14th Amendment …No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, …. Plaintiff's state claims are brought under 28 U.S.C. Section 1367 supplemental jurisdiction.

## JURISDICTION AND VENUE

**Jurisdiction and Venue** is proper under The United States Constitution

14th Amendment and 1st Amendment. Also, this court has jurisdiction over the joined party state claims under  28 Section 1367(a). Mississippi State Board of Medical Licensure, an agency of the State of Mississippi,  has not consented to being sued.

 28 U.S.C.§ 1391 (b)(2): STATE CLAIMS OF NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, PAIN AND SUFFERING, CONSORTIUM, EMOTIONAL DISTRESS, INSOMNIA, DISMEMBERMENT, LOSE OF LIMB, SCARING, FREIGHT, SHOCK, KIDNEY FAILURE, FAILURE TO WARN, PROTECT, ADVISE, DISCLOSE, NEGLIGENT HIRING, NEGLIGENT RETENTION, NEGLIGENT SUPERVISION AND FAILURE TO PROTECT. Venue in general—A civil action may be brought in (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…

## EXHAUSTION OF STTE REMEDIES

Plaintiff  has complied with the he state requirement of notice of claims as shown in Plaintiff's exhibit A and B, and served on December 13, 2019.

## PARTIES TO THE COMPLAINT

Plaintiff, Gloria J. Carter is a resident of Brooklyn Mississippi.

Defendant, Mississippi State Board of Medical Licensure, is an agency of the State of Mississippi and pursuant to rule 4, they may be served with process through the Mississippi Attorney General Office.

Defendant, Dr. Michael Zaleski at 29 Green Leaf Drive, Hattiesburg, Mississippi 39402. Dr. Michael Zaleski may be summons for this matter through his registered agent. Pursuant to the Mississippi Secretary of state records, Dr. Zaleski's registered agent is Michael Zaleski 29 Green Leaf Drive, Hattiesburg, Mississippi 39402. (Plaintiffs' exhibit G).

Defendant, Total Foot Care Clinic, LLC 34 Franklin Rd. Hattiesburg, MS 49402. Hattiesburg Total Foot care was not listed with the Mississippi Secretary of state as a separate entity from Total Foot care. As such, Dr. Zaleski is the registered agent and may be served as Michael Zaleski 29 Green Leaf Drive, Hattiesburg, Mississippi 39402. Exhibit D, is the MS Secretary of State records showing, Michael Zaleski as the registered agent and the owners, at the time of the lawsuit is Helen C. Zaleksi whom, Dr. Zaleksi under oath testified that this is his mother and the current owner of Total Foot Care. However, Dr. Zaleski provided an out of state address for this owner during his deposition. Also, Dr. GaChavis Green living at 140 Woodlands Trac Hattiesburg, MS as a current owner of the Total Foot Care.

## **STATEMENT OF THE FACTS**

(1)   On or around February 21, 2019, Plaintiff Gloria J. Carter was at the office of Dr. Michael Zaleski and Total Foot Care for an exam of her toe.  While there, and without any blood or pre-surgery testing, Plaintiff was forced and coerced by Dr. Zaleski that she must immediately have her toe amputated.  Plaintiff avers that there was no prep work for the surgery, no sterilization of the room nor instruments used, no appointment with the local hospitals to have blood work, or any pre-surgery done, only the words of fear that Plaintiff would lose her entire leg if Dr. Zaleski did not perform the surgery that day.  Plaintiff, devastated, with a face of tears and sorrow, extremely fearful, an elevated blood pressure, Plaintiff was told by Dr. Zaleski to look away and within seconds, Defendant, Dr. Zaleski removed her toe. Plaintiff avers that while trusting Dr. Zaleksi, she did not know that doctor Zaleski likely was not allowed to use the local hospitals for such procedure as amputation of a limb.

(2)   As a result of the same, Plaintiff now maintains that her health has declined because Dr. Zaleksi wrongfully, negligently, inter alia, and that all Defendants  jeopardized Plaintiff's life for what appears to be money and/or  simple medical negligence.

(3)    Furthermore, Plaintiff contend that Dr. Zaleski never showed her any type of image of her toe, only his words.  Also, that the paperwork that was signed by Plaintiff was presented to her after the amputation of her toe.  There were no other staff members present during the time before nor after the amputation.

(4)    Plaintiff further avers that for several payments, outside of medicaid/medicare, Total Foot Care would only accept cash as a co-payment.

(5)    Also, that after the wrongful surgery, Plaintiff was not provided any pain medication, nor any antibiotics.  Plaintiff further contend that no agent, employee, owner or other with Total Foot Care ever warned, advised, admonished, procured, alerted, caution or any other means, Plaintiff that Dr. Zaleski was not able to perform surgery through the local hospitals.

(6)    Plaintiff further avers that Dr. Zaleksi merely threw here amputated body part in the trash.

   Plaintiff contend that but for Defendants MS Board of Medical Licensure re-instating Defendants Dr. Zaleski and Total Foot Care ability to practice medicine in the state of Mississippi she could have received the proper care for her toe and likely not have suffered the pain, emotional, scaring, and other injuries as claimed in this lawsuit.

   (7)  Plaintiff believes that the MS State Board of Medical Licensure know or should have known, at least based on the filed records from their office that Dr. Zaleski and Total foot care could cause the harm as explained in this suit.  Please see exhibit A(Order of Temporary Suspension).

   (8)  Plaintiff contend that before seeing Defendants regarding her foot care, she was able to walk and perform all daily activities as a normal person at her age.  In fact, Plaintiff contend that she driving and moving about throughout life without the assistance of another.  However, since the wrongful conduct of Defendants, Plaintiff no longer is able to drive, nor walk without some assistance.  Moreover, around July 8, 2019 Plaintiff was diagnosed with sepsis, kidney failure, and a stay in the hospital for over a month due to the wrongful amputation of her body member by Defendant, Dr. Zaleksi and with the ratification of Total Foot Clinic, and MS State Board of Medical Licensure.

**CLAIMS FOR RELIEF**

## COUNT ONE: VIOLATION OF THE UNITED STATES CONSTITUTION FIRST AMENDMENT

(9)  Plaintiff repeats and re-alleges paragraphs  1-8 and herein found in this complaint.

All Defendants, and their agents, boards, companies, affiliation including the MS State Board of

Medical Licensure are liable to Plaintiff for the violation of the first amendment the right to

petition the government for a redress of grievances, as defined by the U.S. Constitution 1st

Amendment.  As such, Defendant MS State Board of Medical Licensure, are liable to Plaintiff

for violating Plaintiff's  right to ask government at any level to right a wrong or correct a

problem.  The wrong that Plaintiff seek to right is the temporary suspension of Dr. Zaleksi and

Total Foot Care license to practice medicine.  Additionally, Plaintiff asserts all the State claims in

this action against this Defendant.

 Plaintiff contend that the actions of all Defendants, including Dr. Zalaski by and through Total

Foot Care, were negligent, willful and showed a reckless disregard for the health of Plaintiff and

likely others whom were under the medical care of these Defendants since the temporary

suspension of Dr. Michael Zaleki's license.

## COUNT TWO:
## VIOLATION OF THE UNITED STATES CONSTITUTION
## FOURTEENTH AMENDMENT

   Plaintiff repeats and re-alleges all previous paragraphs  as set forth fully herein, and the
complaint.

 (10)  Plaintiff repeats and re-alleges paragraphs  1-9 and herein found in this complaint.

All Defendants, and their agents, boards, companies, affiliation including the MS State Board of

Medical Licensure are liable to Plaintiff for the violation of the 14TH U.S. Constitution

amendment:  All persons born or naturalized in the United States, and subject to the jurisdiction

6

thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, …..; nor deny to any person within its jurisdiction the equal protection of the laws as defined by the U.S. Constitution 14th Amendment.  As such, Defendant MS State Board of Medical Licensure, are liable to Plaintiff  for violating Plaintiff's  right of equal protection from Defendant Dr. Zaleski and Total Foot Care, when they instituted and then removed  a temporary suspension of license to Dr. Zaleski freeing him to harm Plaintiff in the way Plaintiff has claimed in this lawsuit. Defendant MS State Board of Medicine has deprived Plaintiff of life and liberty to be free from the harm caused by a licensed doctor that the MS State Medical Board prescribed laws or statutes that harmed Plaintiff.

## COUNT THREE:  ALL CLAIMED STATE CLAIMS

(11)  Plaintiffs repeat and re-allege all previous paragraphs, as if set forth fully herein, and in the complaint.

 All Defendants, and its agents,  were negligently culpable for , NEGLIGENCE PER SE, GROSS NEGLIGENCE, PAIN AND SUFFERING, CONSORTIUM, EMOTIONAL DISTRESS, INSOMNIA, DISMEMBERMENT, LOSE OF LIMB, SCARING, FREIGHT, SHOCK, KIDNEY FAILURE, FAILURE TO WARN, PROTECT, ADVISE, DISCLOSE, NEGLIGENT HIRING, NEGLIGENT RETENTION, NEGLIGENT SUPERVISION AND FAILURE TO PROTECT.

Furthermore, All Defendants and Dr. Zalaski and Total Foot Care agents, should have known that all Plaintiff's claims were plausible when Mississippi State Board of Medical Licensing had actual and constructive knowledge that, Dr. Zolaski has had an assault issue with a different female at some point in his past as a doctor. Please see Plaintiff's Exhibit C.

## COUNT FOUR:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs repeat and re-allege all paragraphs as if set forth fully herein and in the complaint.

Defendant, Mississippi State Board of Medical Licensing, ratified Defendant, Dr. Zalaski by their own public record of the events of Dr. Zaleski's misconduct caused all the injuries and the harm as plead in this lawsuit by their actions or omission of the same.

The actions of all Defendants including, Dr. Zolaski, were culpable because all Defendants knew or should have known to pursue adequate preventions to protect Plaintiff from the harm she suffered.

The actions of all Defendants through their respective agents, owners, boards, person[s] of authority were negligent, deliberate, willful and showed a reckless disregard for Plaintiff's health Moreover, Plaintiffs' contend that Defendant MS State Board of Medical Licensure, ratified the actions of Dr. Zalaski, when they failed to take reasonable steps to stop, Dr. Zaleski and Total Foot Care from harming patients as the harm claimed by Plaintiff in this lawsuit.

**Respectfully submitted this the 19th day of February, 2020**

Plaintiff Gloria J. Carter

**_/s/Abby Robinson (MSB 105157)_**

ABBY ROBINSON LAW FIRM PLLC.
227 E. PEARL STREET

JACKSON, MISSISSIPPI 39201
TELEPHONE: (601) 321-9343
FACSIMILE: (601) 487-6326
Email: arobinsonlawfirm@yahoo.com

-