IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GLORIA J. CARTER                                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 2:20-CV-33-KS-MTP

THE MISSISSIPPI STATE BOARD OF MEDICAL LICENSURE          DEFENDANTS
THE past and current DIRECTOR OF THE BOARD in his
Individually capacity and professional capacity, Board Investigator
LESLIE ROSS, Individually and in his professional capacity

TOTAL FOOT CARE, DR. MICHAEL ZALESKI, Individually
and in his professional capacity as a medical provider at the time
claimed here

---

## ANSWER TO FIRST AMENDED COMPLAINT

---

Defendants Total Foot Care and Dr. Michael Zaleski (collectively "Defendants"), by and

through counsel, file this Answer in response to Plaintiff Gloria J. Carter's ("Plaintiff") First

Amended Complaint [Doc. No. 3], and in support thereof states the following:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over this action and should dismiss the same

pursuant to Fed. R. Civ. P. 12(b)(1).

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be

dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### THIRD DEFENSE

Defendants plead the provisions of Miss. Code Ann. § 85-5-7 and common law principles

concerning apportionment of fault, inasmuch as they are applicable.

## FOURTH DEFENSE

Defendants plead the provisions of Miss. Code Ann. § 11-7-15 and common law principles concerning contributory negligence and comparative fault, inasmuch as they are applicable.

## FIFTH DEFENSE

Defendant pleads superseding and intervening cause as an affirmative defense.

## SIXTH DEFENSE

No action or omission by Defendants, its agents, servants, or employees was the sole proximate cause of, or in the alternative, the proximate contributing cause of the injuries and damages alleged by Plaintiff in this action. Defendant pleads that any injury sustained by Plaintiff was caused solely or contributively by natural causes and/or circumstances, conditions, or causes not related to Defendants which may be proven at the trial of this matter.

## SEVENTH DEFENSE

Plaintiff's alleged injuries are not related to any actions or omissions of Defendants.

## EIGHTH DEFENSE

Defendants are not responsible for Plaintiff's alleged injuries. Rather, the alleged injuries were the result of an underlying physical condition and/or pre-existing health or medical condition.

## NINTH DEFENSE

Defendants assert that Plaintiff's claims are barred because any injury sustained by Plaintiff was caused or contributed to by independent, intervening or superseding acts, omissions, representations, misrepresentations or breaches of duty of other persons or entities

2

over whom Defendants had no control, did not control, and does not control and for whom

Defendants have no liability, vicariously or otherwise.

### TENTH DEFENSE

Plaintiff is not entitled to recover damages because the purported damages are speculative

and were avoidable and are otherwise unavailable as a matter of law.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by her own active participation in the alleged harm.

### TWELFTH DEFENSE

Any alleged acts or omissions of Defendants were not a substantial factor in bringing

about the alleged damages for which Plaintiff seeks recovery.

### THIRTEENTH DEFENSE

Defendants reserve the right to request set-off and/or credit in the amount of any

settlement or compromise reached by Plaintiff with any person or entity relative to the matters at

suit.

### FOURTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate

damages, if any.

### FIFTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver,

laches, assumption of the risk, ratification and/or acquiescence, unclean hands, fraud, illegality,

and statute of limitations.

### SIXTEENTH DEFENSE

Plaintiff's claims may be barred because she lacks standing to bring this suit.

## SEVENTEENTH DEFENSE

As discovery has not begun, Defendant affirmatively pleads all defenses available under Rule 12 and 8(c) of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

To the extent Plaintiff alleges any violation of 31 USC § 3729 et. seq., Plaintiff is required to strictly comply with the procedure contained therein and has failed to so. Thus, such allegations should be dismissed.

## NINETEENTH DEFENSE

Defendants' intend to rely upon any other affirmative defense that may become available or apparent during the course of litigation and reserves the right to amend its Answer to assert any such defenses.

## TWENTIETH DEFENSE

Defendants adopt any affirmative defense raised by any other defendant in this litigation to the extent said defense is not inconsistent with Defendants' assertion that they are not liable to Plaintiff or any other party to this litigation.

## ANSWER

Subject to and without waiving any of the defenses stated herein, Defendants answer the specific allegations of the Complaint, with each of the following numbered and unnumbered paragraphs corresponding thereto. All allegations not expressly admitted are denied. Defendants' admissions are confined to the exact language in this Answer, and to the extent any response varies from the wording of the allegations in the Complaint, those allegations are denied.

Defendants hereby deny all allegations and inferences contained in the headings and subheadings used in the Complaint. Further, Defendants answer as follows:

## JURISDICTION AND VENUE

The Court lacks subject matter jurisdiction over this matter as the Complaint fails to adequately assert a federal question pursuant to 28 USC § 1331. The Court also lacks subject matter jurisdiction pursuant to 28 USC § 1332 because diversity of citizenship does not exist among the parties. Further, the Court lacks supplemental jurisdiction over this action pursuant to 28 USC § 1367. Moreover, because the Court lacks subject matter jurisdiction, venue is also improper.

## EXHAUSTION OF STATE REMEDIES

Defendants admit that Plaintiff provided notice of her intent to sue via the letter dated December 13, 2019. However, Defendants deny that Plaintiff exhausted all of her state or administrative remedies prior to filing this action.

## PARTIES TO THE COMPLAINT

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding Plaintiff's residency. To the extent this allegation may be construed adversely against Defendants, it is denied.

The allegation regarding service of process on the Mississippi State Board of Medical Licensure does not pertain to Defendants and does not require a response. To the extent this allegation may be construed adversely against Defendants, it is denied.

Defendants admit that Dr. Zaleski resides in Hattiesburg, MS. Defendants admit further that Total Foot Care Clinic, LLC's principal place of business is located in Hattiesburg, MS. The remaining allegations concerning Defendants' residency are denied.

## STATEMENT OF THE FACTS

1.      Defendant admits that on or around February 21, 2019, Plaintiff Gloria J. Carter

was at the office of Dr. Michael Zaleski and Total Foot Care for an exam of her toe. Defendant

denies the remaining allegations contained in this paragraph.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Defendant denies that Dr. Zaleski merely threw here [sic] amputated body part in

the trash. The remaining allegations are directed at the MS Board of Medical Licensure and do

not pertain to Defendants, and thus, an answer is not required. To the extent these allegations

may be construed adversely against Defendants, they are denied.

7.    The allegations contained in this paragraph are directed at the MS Board of

Medical Licensure and do not pertain to Defendants, and thus, an answer is not required. To the

extent these allegations may be construed adversely against Defendants, they are denied.

8.    Denied.

## CLAIMS FOR RELIEF

### COUNT ONE: VIOLATION OF THE UNITED STATES CONSTITUTION
### FIRST AMENDMENT

Defendants incorporate by reference all responses set forth above to the previous

allegations.

9.    Denied.

### COUNT TWO: VIOLATION OF THE UNITED STATES CONSTITUTION
### TITLE VII AND THE FOURTEENTH AMENDMENT

Defendants incorporate by reference all responses set forth above to the previous

allegations.

6

10.     Denied.

## COUNT THREE: ALL CLAIMED STATE CLAIMS

Defendants incorporate by reference all responses set forth above to the previous

allegations.

11.     Denied.

## COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants incorporate by reference all responses set forth above to the previous

allegations.

Defendants deny all of the allegations listed in the unnumbered paragraphs under "Count

Four: Intentional Infliction of Emotional Distress."

Now having answered the allegations of the Complaint, Defendants respectfully requests

the Complaint be dismissed with prejudice, and the Court award all such other relief to which

Defendants may be entitled.

Respectfully submitted, this the 3rd day of April 2020.

TOTAL FOOT CARE and DR. MICHAEL
ZALESKI

By:     */s/ TreMarcus D. Rosemon*
         TreMarcus D. Rosemon

OF COUNSEL:

Walter T. Johnson (MSB No. 8712)
TreMarcus D. Rosemon (MSB No. 105724)
WATKINS & EAGER PLLC
400 East Capitol Street (39201)
P.O. Box 650
Jackson, Mississippi 39205
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
Email: wjohnson@watkinseager.com
         trosemon@watkinseager.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing pleading with the

Clerk of the Court using the ECF system which sent notification of such filing to all counsel of

record.

This the 3rd day of April 2020.

/s/ TreMarcus D. Rosemon
TreMarcus D. Rosemon